# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                 :         Case No. 3:03-cr-126
                                                        Also     3:06-cv-265

                                                        District Judge Thomas M. Rose
                                                        Chief Magistrate Judge Michael R. Merz

      -vs-
                                                                         :

DERRICK ARMSTRONG,

       Defendant.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 54). On the Court's Order, the United States has filed an Response (Doc. No. 57) and Defendant has filed a Reply (Doc. No. 64).

Defendant pleads three Grounds for Relief:

**Ground One**: the indictment for counts (2)[sic] fails to state a federal cognizable offense.

**Supporting facts:** the defendant was convicted for a violation of the 924 (c) statute. The indictment charges the defendant with possession of a firearm during and in relation to a drug trafficking crime. The indictment is based on the conduct from the 924(c) possession offense and the standard of participation "during and in relation" from the use offense which fails to charge the defendant with any codified federal crime. The indictment is thus defective with respects [sic] to counts (2)[sic] and the sentence must be vacated for lack of jurisdiction.

**Ground Two:** The court has committed constitutional error by not complying with the court's remedial holding in the [sic] *U. S. vs. Booker*.

>**Supporting facts:** The defendant was sentenced on October 8, 2004. The District Court sentenced the defendant under the mandatory guidelines as well as an alternative sentence should the guidelines be found unconstitutional. The court has not taken into account adequate 3553 (A) factors, prior to imposing alternative sentence, has not provided a detailed explanation in support of the sentence, and has committed structural error in that the record is not sufficiently detailed in order to provide a reviewing court with a reasonable review of the court's decision.
>
>**Ground Three:** counsel for defendant rendered constitutionally ineffective assistance of counsel.
>
>**Supporting facts:** counsel for defendant in erroneously advised the defendant to plead guilty to a jurisdictionally defective indictment. Counsel errored [sic] during sentencing by advising the defendant not to object during imposition. Counsel also errored [sic] by failing to object to the alternative sentence or to offer any mitigating or humanizing evidence in support of a low sentence with regards to 3553 (a). Had counsel provided a reasonable argument to the Court's alternative sentence defendant would have had an opportunity to raise substantial claims regarding its reasonableness on appeal.

(Motion, Doc. No. 54, at 4.)

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F. 3d 491, 496-97 (6th Cir. 2003). The United States concedes that Defendant's claims all arise under the United States Constitution.

Persons convicted of federal crimes have a right to appeal to the appropriate circuit court of appeals and to seek review in the United States Supreme Court. Considering the efficiency of having all issues dealt with in one proceeding, the federal courts have encouraged use of direct review to the fullest possible extent. Yackle, POSTCONVICTION REMEDIES, §108 (1981). A motion to vacate under §2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, §2255 motions will be dismissed summarily if

they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 5th, §41.7(e)(2005), *citing, Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*,* citing *Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,*  11 F.3d 583  (6th Cir. 1993).  In particular, collateral review under §2255 is rarely if ever available to consider an asserted violation of the Sentencing Guidelines which could have been raised in the district court or on direct appeal.  *Grant v. United States,* 72 F.3d 503 (6th Cir. 1996).

In this case, after Defendant pled guilty to all counts in the Indictment on July 8, 2004 (Doc. No. 34).  In October, 2004, the Court sentenced Defendant to 156 months on Count 1, 120 months concurrent on Count 3, and to the statutory minimum of 60 months of Count 2, consecutive to the other two terms.  Petitioner appealed from the final judgment, but the Sixth Circuit affirmed the conviction and sentence on September 13, 2005 (Doc. No. 43).

### Ground One

In Ground One, Defendant asserts that the Indictment was defective because it did not charge an offense under federal law.  The Sixth Circuit considered this claim and expressly held that it had been waived by not being raised prior to pleading guilty.  *United States v. Armstrong*, Case No. 04-4362, (September 13, 2005), Slip Opinion, Doc. No. 50, at 4, *citing United States v. Ospina*, 18 F.3d 1332, 1336 (6th Cir. 1994).  The United States relies on the Sixth Circuit's prior decision of this issue.

Defendant appears to argue that the error in the indictment deprived the Court of jurisdiction,

relying on *Ex parte Bain*, 121 U.S. 1, 30 L. Ed. 849, 7 S. Ct. 781 (1887). In *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), the Supreme Court expressly overruled *Bain* and held that even omission of an element is not jurisdictional. The Court also held it is not plain error; if not raised in the district court, it cannot be raised on appeal because it is waivable and therefore also forfeitable. *Id.* By pleading guilty here, including accepting a statement of facts which included admission of the element not included in the indictment, Defendant forfeited his claim that the indictment was defective, as already held by the Sixth Circuit.

The first Ground for Relief is without merit.

**Ground Two**

In his second Ground for Relief, Defendant argues his sentence if unlawful because the Court did not take into account all the factors required to be accounted for under 18 U.S.C. §3553(a) or did not adequately explain its sentence so as to permit the Court of Appeals to determine its reasonableness.

This claim also was presented to the Sixth Circuit on direct appeal and rejected. While sentencing in this Court preceded the decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the decision in the Court of Appeals was subsequent to *Booker*. The Sixth Circuit expressly held:

> This case does not warrant vacating Armstrong's sentence and remanding the case to the District Court for resentencing in light of *Booker*. The District Court did not impose Armstrong's sentence on the now mistaken conclusion that the guidelines were mandatory; rather, the District Court entered identical alternative sentences. Thus, the District Court did not sentence Armstrong under a mandatory guidelines regime and the record in this case contains clear and specific evidence that the District Court would not have, in any event, sentenced Armstrong to a lower sentence under an advisory guidelines regime. [citation omitted] Therefore, the District

4

> Court's alternative sentence rebuts the presumption of prejudice that this circuit affords defendants like Armstrong under post-*Booker* plain error review. [citation omitted]

Slip Opinion, Doc. No. 50, at 4. Thus the Court of Appeals' decision directly refutes Defendant's position that the District Court's sentencing decision did not contain enough detail to determine whether or not it was reasonable and that the case did not require remand for resentencing.

The second Ground for Relief is without merit.

### Ground Three

In Ground Three, Defendant claims he was denied effective assistance of trial and appellate counsel.

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and

5

> to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963); *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *United States v. Cronic,* 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259 (2000); *Burger v. Kemp,* 483 U.S. 776, 107 S. Ct. 3114, 97 L. Ed. 2d 638 (1987). The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most

6

on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *See Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674 (6th Cir. 2000), citing *Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Counsels' failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented. *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

Defendant argues his attorney provided ineffective assistance by advising him to plead guilty to the defective indictment, by discouraging him from objecting during the imposition of sentence, and by failing to provide additional mitigating and "humanizing" evidence which Defendant claims would have resulted in a lighter alternative sentence.

The first of these sub-claims is without merit because Defendant suffered no prejudice. In his agreement to the Statement of Facts at the plea colloquy, Defendant admitted the truth of facts

which could have been presented to the grand jury to obtain a new indictment with the slightly different element included. Since the Government was prepared to prove those facts, it is unlikely the Government would have failed to re-indict if trial counsel had raised the objection.

In the second of these sub-claims, Defendant asserts trial counsel interfered with his right of allocution by "silently shaking his head in the negative" when Defendant was asked if he had anything to say before sentence was imposed. Defendant claims that Judge Rose admonished Defendant's trial counsel not to tell Defendant not to speak, but admits that this is not reflected in the transcript of sentencing. Regardless of whether counsel shook his head no or not, this sub-claim fails on both prongs of *Strickland*: it is not necessarily deficient performance to advise a defendant not to speak and in any event Mr. Armstrong has demonstrated no prejudice – he has not alleged what it is that he would have said which would somehow have resulted in a lower sentence.

In the final sub-claim, Defendant asserts that counsel should have presented additional mitigating or "humanizing" evidence to lower the sentence. Here, too, Defendant has failed to show deprivation of his right to effective assistance: he presents nothing by way of additional mitigating evidence which he claims was available but not presented. He does argue at length that some courts have considered the 100:1/crack:powder ratio in the Guidelines and have given lower sentences based on their conclusion that this is unreasonable. However, in this case Judge Rose specifically imposed an alternative sentence without treating the 100:1 ratio as mandatory and the Court of Appeals expressly held there was no evidence he would have imposed a lower sentence.

Finally, in his Reply, Defendant complains of ineffective assistance of appellate counsel, a claim he did not raise in his original § 2255 Motion. This claim was also inferentially disposed of by the Court of Appeals when it considered the *Anders* brief which was filed by counsel, decided it was well taken, and permitted counsel to withdraw. At the same time, the Court of Appeals considered the arguments Defendant had made *pro se* in his rebuttal to the *Anders* brief. Defendant

does not now suggest any claims of error he would have made on appeal with different counsel, much less demonstrate that they would probably have been successful.

## Conclusion

Defendant's § 2255 Motion to Vacate should be dismissed on the merits with prejudice. Because reasonable jurists would not disagree with this conclusion or the supporting conclusions reached in the body of this Report, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

August 24, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).